CLD-112                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-1897 & 16-2239
_____

LEE STEWART,
                              Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; CORIZON HEALTH CARE,
INC.; STEVEN GLUNT, Superintendent; DEBRA YOUNKIN, Corrections Health Care
Administrator; MUHAMMAD NAJI, Doctor; MANDY CORMAN, Physician Assistant;
MARIA LEAHY, Physician Assistant; MARVIN BRANTO, Physician Assistant; JOHN
DOE, Physician Assistant; RICH HALLSWORTH, CEO Corizon Health Care, Inc.;
RICH CLARK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00246)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2017
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 31, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Lee Stewart appeals pro se from the judgment of the United States District Court for the Western District of Pennsylvania in his 42 U.S.C. § 1983 action. As the appeal does not present a substantial question, we will summarily affirm.

I.

Stewart initiated this § 1983 action in 2013 against several prison officials and medical personnel from the State Correctional Institution at Houtzdale,[1] in addition to Corizon Health Care, then a contractual medical service provider to the Pennsylvania Department of Corrections, alleging that these Defendants denied him adequate medical care in connection with a left ankle injury he suffered while playing basketball.

Stewart claimed that he suffered the injury on July 10, 2012, and was seen the next day in the facility medical department by Nurse Branto, who diagnosed him with a sprain, and provided an ice pack, a wrap, and crutches. The following day, Stewart returned to the medical department and was seen by Physician Assistants Corman and Leahy, who, after an X-ray analysis, confirmed the diagnosis of a sprain. The next day, Stewart submitted a request to be seen by the medical department because "his foot looked worse," but was not seen until five days later by an unnamed Physician Assistant,

---

[1] Stewart named the following medical personnel, referred to below as the "Medical Defendants" – Marvin Branto and Rich Clark, registered nurses at SCI Houtzdale; Maria Leahy and Mandy Corman, Physician Assistants at SCI Houtzdale; and Dr. Muhammad Naji, the Medical Director at SCI-Houtzdale. Stewart also named SCI-Houtzdale Superintendent Steven Glunt, Corrections Healthcare Administrator Debra Younkin, and Corizon Health Care Chief Executive Officer Rich Hallsworth.

who allegedly took away Stewart's crutches, advising him that there was nothing wrong with his foot. Stewart returned to the medical department the next day, July 19, 2012, and following another X-ray, Leahy diagnosed him with an acute fracture, placed him in a cast, re-issued crutches, and provided Tylenol for pain. She referred Stewart to Dr. Naji for care of his fracture, and Naji completed a consultation on August 1, 2012, recommending that the cast be removed in three weeks. Leahy saw Stewart on August 28, 2012, and removed his cast, but because of insufficient callus formation, she ordered him to come back a week later to reapply the cast. Leahy reapplied the cast on September 6, 2012, and Dr. Naji removed it 11 days later after observing sufficient callus formation.

On September 28, 2012, Stewart went to sick call complaining of a foot fungus and ankle pain when running. Corman prescribed Tinactin and ordered Stewart to wear an ankle sleeve during physical activity. Between December 2012 and February 2013, Stewart continued to complain of foot fungus and pain, and was provided Tinactin and X-rays, which revealed no additional damage. Dr. Naji treated Stewart on February 23, 2013, and observed that the fracture had healed completely, with no significant pain or swelling. He ordered physical therapy and a lace-up ankle support for two months. Stewart attended at least two physical therapy consultations – in June and August of 2013 – and those consultations revealed a full range of motion and normal strength in his ankle. After his August 2013 physical therapy consultation, medical records indicate that

3

he was seen only for complaints related to his fungal infection, for which he was provided various antifungal medications.

Early in the litigation, acting pursuant to Federal Rule of Civil Procedure 12(b)(6), the District Court dismissed Defendants Glunt, Younkin, Corizon Health Care, and Rich Hallsworth – because they lacked sufficient personal involvement in Stewart's care – but permitted Stewart to proceed against the Medical Defendants. The District Court ultimately awarded summary judgment in favor of the Medical Defendants, concluding that they provided Stewart adequate, and reasonably prompt, medical treatment, and thus Stewart could not establish that they acted with deliberate indifference. This timely appeal ensued.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal under Rule 12(b)(6) using the same test the District Court applied and ask whether the complaint has "sufficient factual matter[,] accepted as true[,] to state a claim to relief that is plausible on [its] face." Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). We also exercise plenary

---

[2] On March 15, 2016, the District Court entered an order adopting the Magistrate Judge's February 9, 2016, Report and Recommendation, and awarding summary judgment in favor of the Medical Defendants. After the District Court entered judgment, Stewart filed objections to the Report and Recommendation, which the District Court overruled by order entered March 29, 2016. Stewart timely filed two notices of appeal – one from the March 15, 2016, order (at C.A. No. 16-1897), and the other from March 29, 2016, order (at C.A. No. 16-2239). The Clerk consolidated the appeals for all purposes on January 11, 2017.

review over the District Court's award of summary judgment and apply the same test the District Court utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  We may summarily affirm any decision of the District Court when "it clearly appears that no substantial question is presented."  3d Cir. I.O.P. 10.6 (2015).

As to Defendants Younkin and Glunt, Stewart claimed that Younkin denied his request for an MRI at an unspecified time and that Glunt was "notified of [his] ongoing pain and suffering," but failed to take appropriate action.  Stewart does not allege that either Defendant was otherwise personally involved in any of his care decisions.  Put another way, Stewart claimed that these Defendants, supervisory officials who do not participate in individual medical care decisions, simply failed to intervene in his medical care.  Such a claim is not viable under the Eighth Amendment.  See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").  Thus the District Court properly dismissed these Defendants.[3]

---

[3] Even if these Defendants were sufficiently personally involved in Stewart's care, his claims against them would still fail because it is clear from the complaint that he received substantial medical care, and "[m]ere disagreement as to the proper course of medical treatment" is insufficient to state an Eighth Amendment claim.  Spruill, 372 F.3d at 235;

As to the substance of Stewart's care, in awarding summary judgment in favor of the Medical Defendants, the District Court accurately observed that Stewart "received no less than seventeen evaluations by medical personnel at SCI Houtzdale, two orthopedic consultations, three physical therapy consultations, numerous prescriptions for pain and anti-fungal medications, and five x rays," and that "[t]here is no evidence that any Defendant failed to give him care when it was requested." To the extent that Stewart complained about the adequacy of these interventions, his claims fail as a "[m]ere disagreement as to the proper medical treatment." Spruill, 372 F.3d at 235.

He also complained, however, about the timeliness of the interventions – that Defendants initially misdiagnosed his fracture, resulting in its delayed treatment. But such a diagnostic failure, at worst, amounts to to medical malpractice, which is not actionable under the Eighth Amendment. See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In addition, he pointed to a five-day period following his misdiagnosis during which he received no treatment – despite his request for it – and claimed to have been in significant pain. But deliberate indifference requires that a

see also Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim."). The District Court properly dismissed Corizon Health Care and its CEO, Rich Hallsworth, for essentially the same reason – supervisory liability under § 1983 may exist only when there is an underlying constitutional violation. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014) (recognizing "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates"), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015).

defendant "knows of and disregards an excessive risk to inmate health or safety," and to avert summary judgment, Stewart "must point to some evidence beyond [his] raw claim that [Defendants were] deliberately indifferent."  Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 n.2 (3d Cir. 2001).  This, he has not done.

Although we do not doubt that a fractured ankle constitutes a serious medical need, see Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (medical need is serious if non-treatment results in "unnecessary and wanton infliction of pain"), Stewart has not even alleged – let alone pointed to evidence – that Defendants were actually aware of this condition during the five-day period in question. The record indicates, instead, that Defendants were under the mistaken impression – based on an improper reading of the X-rays – that he was suffering from only a sprain, and treated him accordingly.  Stewart claimed, in effect, that they should have known of his more serious condition, but this is not enough to establish deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[O]fficial's failure to alleviate a significant risk that he should have perceived but did not" is not actionable under the Eighth Amendment).  Accordingly, we will summarily affirm the decision of the District Court.